UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN C. TERRY,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM L. MUNIZ, Warden,<br><br>    Respondent. | No. C 15-2810 MEJ (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

Jonathan Terry, an inmate at Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction from the Sonoma County Superior Court. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.

1 Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

      Mr. Terry never filed a petition for review or a petition for writ of habeas corpus in the California Supreme Court. He therefore never fairly presented to that court any of his claims that he now wishes this court to consider. He has not exhausted state court remedies as to any of the claims in his federal petition. The court cannot stay an action where the petition is fully unexhausted. See Rose v. Lundy, 455 U.S. at 510.

      Accordingly, this action must be dismissed. This dismissal is without prejudice to Mr. Terry filing a new petition after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed, Mr. Terry cannot file an amended petition in this action. Instead, he must file a new petition and a new case number will be assigned it when he returns after exhausting in state court. Mr. Terry is urged to act promptly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).

      Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

      The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: JULY 2, 2015

Maria-Elena James
United States Magistrate Judge

2